# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KILROY WATKINS,               )
                                        )
          Petitioner,      )
                                        )       No. 14 C 1346
     v.                        )
                                        )       Judge Sara L. Ellis
JUSTIN HAMMERS,[1]        )
                                          )
          Respondent.     )

## OPINION AND ORDER

Petitioner Kilroy Watkins, who is currently incarcerated at Illinois River Correctional Center, is serving a thirty-year sentence for first degree murder, with sentences of fifteen and ten years for armed robbery to be served consecutively. Watkins has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Watkins has also moved this Court to stay proceedings on his petition on the basis that he wishes to present newly discovered evidence of actual innocence to the state court. Respondent has moved to dismiss Watkins' petition as time-barred, arguing that Watkins failed to file within the one-year limitations period and that equitable tolling does not apply. Respondent further argues that the stay would be futile because the alleged new evidence does not alter the statute of limitations calculation and Watkins' claims are procedurally defaulted in any event. Respondent finally argues that the stay should not be granted because Watkins has not shown good cause, but rather has engaged in dilatory litigation tactics. Because Watkins' petition is untimely and a stay would be futile, the Court grants the motion to dismiss [21] and denies the request for a stay [20].

---

[1] Justin Hammers is the present custodian at Illinois River Correctional Center and is substituted as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; *Bridges v. Chambers*, 425 F.3d 1048, 1049–50 (7th Cir. 2005).

## BACKGROUND

Following three separate trials in 1992 and 1993 in the Circuit Court of Cook County, Illinois, Watkins was convicted of the first degree murder of Leroy Porter and the armed robberies of Pete Varonas and Vern Adams. Watkins was sentenced to thirty years in prison on the murder conviction, and fifteen years and ten years on the armed robberies, all sentences to be served consecutively.

Watkins appealed each conviction separately on direct appeal to the Illinois Appellate Court. On December 15, 1992, while his direct appeals were pending, Watkins filed a *pro se* post-conviction petition pursuant to 725 Ill. Comp. Stat. § 5/122-1 in the Circuit Court of Cook County attacking the sentence for the Adams robbery. The trial court summarily dismissed the post-conviction petition. The appellate court consolidated decision on Watkins' direct appeals and post-conviction petition, and affirmed the judgments denying relief. Watkins filed a petition for leave to appeal ("PLA") that was denied by the Illinois Supreme Court on October 2, 1996. Watkins did not file a petition for a writ of certiorari with the United States Supreme Court.

On December 23, 1996, Watkins filed a second *pro se* post-conviction petition in the state court, challenging all three convictions. At that time, no post-conviction petition could be filed "more than 6 months after the denial of a petition for leave to appeal . . . or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." 725 Ill. Comp. Stat. § 5/122-1 (1996). The trial court dismissed this petition as untimely under § 5/122-1 because, although it was filed within six months of the denial of the PLA, it was not filed within three years of the date of conviction (the last date of conviction was March 22, 1993), the sooner of the two dates. The state appellate court affirmed this dismissal, finding the petition was filed eleven months late and that Watkins

was culpably negligent for the late filing. The Illinois Supreme Court denied Watkins' PLA on June 2, 1999.

On February 22, 1999, Watkins filed a third *pro se* post-conviction petition challenging the murder conviction and the Adams robbery conviction. The state trial court dismissed this petition on the basis that it repeated claims that were already denied. The appellate court affirmed the dismissal, stating the petition was barred as a successive petition. The Illinois Supreme Court denied Watkins' PLA on April 30, 2002.

On August 27, 1999, Watkins filed a fourth *pro se* post-conviction petition that alleged the discovery of new evidence—three witness affidavits—casting doubt on the murder conviction. The trial court summarily dismissed Watkins' fourth petition as untimely, but the appellate court remanded the petition for further proceedings.

While the appeal of his fourth post-conviction petition was pending, Watkins filed an additional petition, titled a Petition to Vacate Judgment, alleging that the State presented knowingly perjured testimony at his suppression hearing and citing evidence of the abuse of suspects by the police under Jon Burge. The trial court summarily dismissed this petition on April 30, 2002. Watkins appealed, but moved to dismiss the appeal as moot because his fourth post-conviction petition had been remanded for further proceedings and he could amend that petition to present these claims.

On April 29, 2005, Watkins filed an amended post-conviction petition in the remanded proceedings on his fourth post-conviction petition. That petition presented three claims: (1) that Watkins was actually innocent as shown by newly discovered evidence, (2) that the police coerced and fabricated his confession, and (3) that the State violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) by failing to disclose that the police detectives

involved in his case had been accused of abuse by other suspects.  On July 14, 2005, Watkins filed, via counsel, a supplemental petition presenting these claims.  The trial court ordered an evidentiary hearing, which was held over four days from April 22, 2010 to November 4, 2010.  On January 13, 2011, the trial court denied Watkins' petition and oral motion for reconsideration.

Watkins did not appeal this dismissal of his fourth post-conviction petition.  Watkins has, however, filed a number of post-judgment motions in the trial court, at least one of which was pending as of the date of Respondent's Motion to Dismiss.  These motions included a request for substitution of judge.  The motion for substitution of judge was assigned to a different trial judge, who denied the motion on March 17, 2011.  The matter was transferred back to the initial trial judge and Watkins filed another motion for reconsideration, but the docket does not indicate if the trial court ever disposed of the motion for reconsideration.

On August 17, 2011, Watkins filed a motion for appointment of a special prosecutor with the assistance of private counsel and on May 15, 2012, filed a supplemental petition for appointment of special prosecutor.   On May 28, 2013, Watkins filed a motion seeking to be included in the proposed class action involving post-conviction Burge claims.  It is unknown whether the trial court ruled on that motion; however, no court has ever certified that post-conviction class action proceeding.  Watkins' motion for special prosecutor was denied on April 24, 2014.  Watkins filed a motion to reconsider and a supplement to the motion to reconsider.  Private counsel withdrew on September 4, 2014.  Watkins' motion to reconsider the denial of the appointment of a special prosecutor was still pending as of the last status hearing before the filing of the Motion to Dismiss.

Watkins filed the instant *pro se* petition for writ of habeas corpus on February 24, 2014. On November 13, 2014, Watkins filed a Motion to Stay and Hold in Abeyance this petition, on the basis that he wished to return to state court to present newly discovered evidence in support of actual innocence. On December 15, 2014, Respondent moved to dismiss the petition as untimely filed.

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") establishes a one-year statute of limitations period for filing a writ of habeas corpus by a person in state custody. 28 U.S.C. § 22544(d)(1). This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the Constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The Court will analyze Watkins' petition under § 2244(d)(1)(A), § 2244(d)(1)(B), and § 2244(d)(1)(D), and the possibility of tolling under those sections. Neither party has argued that § 2244(d)(1)(C) is applicable. The Court will also consider Watkins's arguments for equitable tolling.

## I.      Section 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period begins to run on the date on which Watkins' judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  Here, Watkins' judgment became final on January 2, 1997, when the time for filing a writ of certiorari with the U.S. Supreme Court on his direct appeal expired (ninety days after the Illinois Supreme Court denied his direct appeal on October 2, 1996).  *See Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 653–54, 181 L. Ed. 2d 619 (2012) (judgment becomes final when time for pursuing direct review in Supreme Court expires); *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) ("Because the plain terms of section 2244 include the period for seeking direct review, regardless of whether or not a petitioner chooses to avail himself or herself of that opportunity, we believe that the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run.").  Therefore, Watkins' federal habeas petition was due on January 2, 1998.  *See* Fed. R. Civ.  P. 6(a); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (Rule 6(a) applies to calculating AEDPA's grace period).

The statute of limitations is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Watkins' initial post-conviction petition (challenging only the Adams robbery) was filed and resolved before his judgment became final on January 2, 1997 (Watkins filed his post-conviction petition on December 15, 1992, during the pendency of his direct appeal, and the Illinois Supreme Court denied his PLA on October 2, 1996).  This post-conviction petition does not toll any time.

None of Watkins' subsequent post-conviction petitions tolled the statute of limitations. Watkins filed his second post-conviction petition—challenging all three convictions—on December 23, 1996.  The state trial court dismissed that petition as untimely and the appellate

court affirmed. Because that petition was deemed untimely, it is not "properly filed" for the purposes of § 2254(d)(2) and therefore cannot toll the federal habeas statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Watkins argues that the state courts erred in summarily dismissing his second post-conviction petition as untimely, however this Court may not overturn that timeliness determination. *See Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) (federal habeas court has "no authority to second-guess a ruling based on state law"). Furthermore, the Illinois Supreme Court case relied on by Watkins, *People v. Boclair*, 789 N.E.2d 734, 202 Ill. 2d 89, 273 Ill. Dec. 560 (2002), was decided six years after his second post-conviction petition was filed and the Illinois Supreme Court refused to give *Boclair* retroactive effect. *See People v. Britt-El*, 794 N.E.2d 204, 210, 206 Ill. 2d 331, 276 Ill. Dec. 309 (2002).

Watkins further argues that the second post-conviction petition was properly filed for tolling purposes because the state court considered the merits of his claim before dismissing the petition as untimely. However, just because the state court addressed some portion of the merits of a petition does not render an untimely petition properly filed. *See Brooks v. Walls*, 301 F.3d 839, 841–42 (7th Cir. 2002) (on denial of rehearing) ("[A]n untimely petition is not 'properly filed' even if the [state] court also addresses the merits[.]"). The appellate court considered Watkins' argument that he was not culpably negligent and commented that he failed to state any omissions of his appellate counsel that might have excused the timeliness issue. This quick look at Watkins' equitable argument does not make the dismissal on timeliness grounds a review of

the merits of his petition. *Id.* at 842 ("[W]e shall treat untimeliness decisions under 725 ILCS 5/122-1(c) as independent of the merits, even if potentially 'entangled' with them.").

Watkins also argues that the second post-conviction petition was properly filed because it falls under the Illinois state law timeliness exception for a petitioner who can allege facts to show the delay was not due to his or her culpable negligence. 725 Ill. Comp. Stat. § 5/122-1(c). However, in *Pace* the Supreme Court explained, "[state] time limits [on filing post-conviction actions], no matter their form, are 'filing' conditions" and a post-conviction petition is not properly filed if it was dismissed by the state court as untimely. 544 U.S. at 417. Watkins cites *Smith v. Ward*, 209 F.3d 383 (5th Cir. 2000), *Emerson v. Johnson*, 243 F.3d 931 (5th Cir. 2001), and *Dictado v. Ducharme*, 244 F.3d 724 (9th Cir. 2001) to argue that the culpable negligence exception should apply; however, those cases all pre-date *Pace* and the Seventh Circuit has held that those cases, "to the extent they hold that petitions untimely under state rules nonetheless may be deemed 'properly filed,' were wrongly decided." *Brooks*, 301 F.3d at 841.

Similarly, Watkins' argument that his case falls under the one-year grace period for petitioners whose convictions became final before the April 24, 1996 effective date of AEDPA is unavailing because his convictions became final on January 2, 1997—after the 1996 effective date—and his deadline of January 2, 1998 to file his petition is after the April 24, 1997 grace-period deadline in any event. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (recognizing grace period), *rev'd on other grounds*, 521 U.S. 320, 117 S. Ct. 2059, 188 L. Ed. 2d 481 (1997).

Additionally, none of Watkins' subsequent post-conviction petitions toll the statute of limitations. All were filed after the January 2, 1998 due date for his § 2254 petition. Watkins' third post-conviction petition was filed on February 22, 1999, his fourth on August 27, 1999, and

his fifth in March 2002. For the purposes of § 2254 tolling, "a state proceeding that does not begin until the federal year has expired is irrelevant." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Therefore, none of the time the Illinois courts considered Watkins' other post-conviction proceedings can be counted in the tolling analysis.

Watkins' federal habeas petition is untimely under § 2244(d)(1)(A).

## II.    Section 2244(d)(1)(B)

Section 2244(d)(1)(B) provides that the limitations period may start on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). The burden is high—Watkins is required to demonstrate that the state-created restrictions prevented him from filing his petition. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition."). Watkins argues that he was unable to timely file his second state post-conviction petition because prison lock-downs from 1992 to 1996 limited his access to the law library. The Court construes this argument liberally, as it must for *pro se* pleadings, as an argument for statutory tolling. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (instructing the Court to construe *pro se* pleadings liberally). In support of his argument, Watkins attaches a chart that shows the dates during 1992 to 1996 that the Pontiac Correctional Center was on lock-down. Doc. 25, Ex. A-1. However, despite these impediments, Watkins did file his second state post-conviction petition on December 23, 1996. This fact led the state appellate court to reject Watkins' argument that he was not culpably negligent for the untimely filing. Doc. 22, Ex. I at 6. In any event, Watkins' federal habeas petition was due on January 2, 1998. Watkins does not

make any claim that he was unable to prepare that petition due to lock-down status.  Section 2244(d)(1)(B) tolling does not apply.

Watkins' argument may also be understood as one for equitable tolling.  For equitable tolling of the one-year federal habeas limitations period, Watkins bears the burden to show that (1) he has been diligently pursuing his right and (2) some extraordinary circumstance stood in his way to prevent his timely filing.  *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  The Court is to consider all the circumstances Watkins faced and "the cumulative effect of those circumstances," instead of viewing each in isolation.  *Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014).  Watkins has not put forward any evidence of, and the Court cannot find any support in the briefing or record for, extraordinary circumstances.  In fact, Watkins' chart of the lock-down time periods does not even cover 1997 and 1998 when he would have been preparing his federal petition.  *Cf. id.* at 684–87 (finding extraordinary circumstances when petitioner lacked access to his legal file, spent large quantities of time in segregated status, had limited access to the law library, and appealed to the district court for an extension within the one-year window).  Equitable tolling is not applicable here.

Watkins may have assumed that his second state court post-conviction petition would toll the limitations period on his federal petition.  However, the deadlines created by AEDPA are unforgiving.  The safest course of action would have been for him to file a federal habeas petition before the deadline and ask that the federal proceedings be stayed pending the outcome of the state proceedings rather than rely on statutory or equitable tolling.

Watkins' federal habeas petition, filed February 24, 2014, is untimely under § 2244(d)(1)(A).

**III.    Section 2244(d)(1)(D)**

Respondent also argues that Watkins' claims based on newly discovered evidence are untimely under § 2244(d)(1)(D), which allow for the one-year statute of limitations period to begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Respondent states that Watkins has argued newly discovered evidence at three stages of his post-conviction proceedings: (1) his fourth post-conviction petition filed August 27, 1999 (affidavits from three witnesses stating that he was not involved in the Porter murder); (2) his fifth post-conviction petition filed March 2002 (alleging police misconduct in obtaining confessions); and (3) in his amended post-conviction petition filed April 2005, during remanded proceedings on his fourth post-conviction petition (police fabrication and coercion of his confession). Applying § 2244(d)(1)(D) to the additional witness statements, even taking the August 27, 1999 filing date of the fourth post-conviction petition as the "discovery" date of that evidence, and even applying tolling, Watkins' federal habeas petition was filed almost fifteen years after the statute of limitations expired.

Watkins' other two petitions alleged newly discovered evidence to bolster his claim that his confession was coerced. Watkins has consistently argued that his confession was coerced. *See* Doc. 22, Ex. Y. This evidence cannot be considered "newly discovered" for the purposes of § 2244(d)(1)(D) because Watkins necessarily knew before trial how he had been treated during the interrogation. *See Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005) ("The legal problem is that [petitioner] knew 'the factual predicate of his claim' before his trial. The 'claim is that the statement had been coerced; the 'factual predicate' for that claim is what happened to [petitioner] himself (as opposed to other suspects) . . . . As a matter of law, new evidence

supporting a claim actually made at or before trial cannot form the basis of a new period under § 2244(d)(1)(D)." (alterations omitted)), *abrogated on other grounds by McQuiggin v. Perkins*, --U.S. ---, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013).  Watkins' fourth and fifth post-conviction petitions do not toll the statute of limitations under a newly discovered evidence theory and § 2244(d)(1)(D).

## IV.  Section 2244(d)(2)

Respondent argues additionally that because Watkins did not appeal the denial of his fourth post-conviction petition, counting this proceeding for statutory tolling purposes is of no avail.  "[A] properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the one year statute of limitations.  28 U.S.C. § 2244(d)(2).  A properly filed state court proceeding "is no longer pending once the state court has made its decision and the time to seek further review has expired."  *Griffith v. Rednour*, 614 F.3d 328, 330 (7th Cir. 2010) (citing *Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000)).  The Illinois trial court denied Watkins' fourth post-conviction petition on January 13, 2011 following an evidentiary hearing.  Therefore Watkins had until February 14, 2011 to file his notice of appeal (thirty days, extended to the next business day).  *See* Ill. Sup. Ct. R. 606(b).  On February 14, 2011, Watkins filed a motion to withdraw his appeal (Respondent states that it does not know whether Watkins filed a notice of appeal before that date, and Watkins does not provide this information) and a motion to vacate a void judgment that the court interpreted as a motion to substitute judge.  Whether Watkins filed and then withdrew, or never filed, his appeal, the time to appeal the resolution of his last state post-conviction petition expired on February 14, 2011. Therefore, the statute of limitations would begin on February 14, 2011, making Watkins' February 2014 federal habeas petition untimely.

Watkins defends his failure to appeal the denial of his fourth post-conviction petition by arguing that under Illinois Supreme Court Rules 303(a) and 606(b), he cannot appeal from a final judgment until after entry of the order disposing of the last pending post-judgment motion, citing *People v. Swiercz*, 432 N.E.2d 900, 901, 104 Ill. App. 3d 733, 60 Ill. Dec. 1 (1982) (the time for the commencement of a criminal appeal is thirty days from the final judgment or disposition of post-trial motions "clearly directed to the judgment"); *Bissett v. Gooch*, 409 N.E.2d 515, 518, 87 Ill. App. 3d 1132, 42 Ill. Dec. 900 (1980) (post-trial motions in civil case postponed appeal due date); *People v. Clark*, 399 N.E.2d 261, 264, 80 Ill. App. 3d 46, 25 Ill. Dec. 427 (1979) (denial of motion to reconsider sentence begins thirty-day limit for filing notice of appeal). Respondent argues that Watkins' April 8, 2011 motion to reconsider was a successive motion to reconsider, which is not authorized under Illinois law and therefore cannot toll the time to file a notice of appeal in state court. *See People v. Feldman*, 948 N.E.2d 1094, 1098, 409 Ill. App. 3d 1124, 350 Ill. Dec. 587 (2011) (noting "the general rule against successive postjudgment motions"); *People v. Miraglia*, 753 N.E.2d 398, 403, 323 Ill. App. 3d 199, 257 Ill. Dec. 203 (2001) ("Rule 606(b) contemplates the filing of only one postjudgment motion directed against the final judgment— whether it be the conviction or the sentence or both, but the rule does not authorize successive and repetitious motions raising issues that were raised earlier or could have been raised earlier and thereby extend the time for appeal."). Watkins orally moved the Court to reconsider on the date his fourth amended post-conviction petition was denied. Therefore, his April 8, 2011 motion to reconsider and the subsequent motions to reconsider he has filed, *see* Doc. 22, Ex. W, were unauthorized successive motions under Illinois law. *See Miraglia*, 753 N.E.2d at 403 ("[A] trial court cannot permit a defendant to file a postjudgment motion directed against the final judgment, rule on it, and then rule on a motion to reconsider the denial of that posttrial motion

and thereby extend its jurisdiction and the time for appeal."). Watkins' time to appeal the denial of his fourth post-conviction petition began to run on February 14, 2011.

Respondent further argues that Watkins' other motions filed after the denial of his fourth post-conviction petition do not toll the statute of limitations. Watkins has filed a series of other motions, some very recently and some of which remain pending, including a motion to substitute the judge, a motion to appoint a special prosecutor, and a motion to allow him to join a proposed class action alleging police torture. Respondent argues that those motions are not "properly filed" for purposes of federal habeas tolling because they did not seek "a judicial reexamination of [petitioner's convictions or claims] in a proceeding outside of the direct review process." *See Wall v. Kholi*, 562 U.S. 545, 553, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011) (holding that a motion to reduce sentence under Rhode Island law is a collateral review of a judgment that tolls the AEDPA statute of limitations). In *Wall*, the Supreme Court explained that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process" and distinguished a motion to reduce sentence from "a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." *Id.* at 553, 556 n.4; *see also Price v. Pierce*, 617 F.3d 947, 952 (7th Cir. 2010) (motion for DNA testing to prove actual innocence does not toll statute of limitations—a successful motion entitles a petitioner to evidence, not release, and therefore is not a collateral review of a judgment). Watkins' motion for substitution of judge was initially captioned a "Motion to Vacate Void Judgment," but converted to a request to substitute judge and ruled on as such. This motion was not a direct request for judicial review of the judgment against him—it sought to reverse the dismissal of his petition on the basis that

the trial judge was biased—and did not provide the trial court with authority to order relief from his sentence, only to re-set the evidentiary hearing before a different judge. *See Wall*, 562 U.S. at 553. Similarly, Watkins' multiple motions for the appointment of a special prosecutor, one of which Watkins asserts is still pending, requests that the Cook County State's Attorney's Office be removed from the case. *See* Doc. 22, Exs. AA, BB, EE. These motions seem to implicitly seek a redo, with a different prosecutor, of the evidentiary hearing on Watkins' fourth amended post-conviction petition. Again, this motion seeks a procedural remedy that would renew Watkins' fight in the trial court, but it does not "provide a state court with authority to order relief from judgment," *Wall*, 562 U.S. at 556 n.4, therefore this Court does not find that this motion tolls the federal habeas statute of limitations.

## V. Actual Innocence

Watkins also asserts that this newly discovered evidence demonstrates his actual innocence and therefore seeks a miscarriage of justice exception to the statute of limitations. In the additional supporting facts for his petition, Watkins states that he has the following newly discovered evidence: (1) more than twenty-five allegations of abuse of suspects by the same police officers involved in his confession; (2) evidence that Judge Linn had knowledge that Area 2 officers committed torture and therefore should have been disqualified from presiding over Watkins' post-conviction evidentiary hearing; and (3) evidence that Judge Sacks represented Area 2 detectives and supervisors when employed as an Assistant Corporation Counsel for the City of Chicago (Judge Sacks denied Watkins' motion to disqualify Judge Linn after Judge Linn dismissed his petition). Doc. 1, Ex. B at 1, 2, 4. Watkins characterizes the newly discovered evidence as "corroborat[ing] [his] longstanding allegations that his state court conviction is the result[] of: (1) police brutality; (2) coerce[d] confession; (3) state knowing use of perjured

testimony; (4) the fraudulent concealment of exculpatory evidence; and (5) false (witness) identification through police coercion."  Doc. 25 at 12.

In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."  133 S. Ct. at 1928.  The Court cautioned, however, that such pleas were rare and the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).  Watkins' proffered new evidence is allegations of the police torture of other suspects to corroborate his long-standing position that his confession was coerced, and evidence that Judges Linn and Sacks were allegedly implicated in or complicit with police torture of suspects and therefore biased against him in the post-conviction proceedings.  This is not new evidence of Watkins' actual innocence.  *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) ("To support a colorable claim of actual innocence the petitioner must come forward with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." (citation omitted) (internal quotation marks omitted)).  Alleged evidence of the police torture of other suspects is not "substantive, exculpatory evidence, namely evidence of [Watkins'] factual innocence," but rather additional support for his attempt to undermine the credibility of his confession.  *See Lenoir v. Williams*, No. 14 C 2376, 2015 WL 684743, at *9 (N.D. Ill. Feb. 17, 2015) (dismissing actual innocence claim because the new evidence presented "does not provide a basis to establish [the petitioner's] actual innocence because it is a step removed from evidence pertaining to the crime itself" (quoting *Calderon v. Thompson*, 523 U.S. 538, 563, 118 S. Ct.

1489, 140 L. Ed. 2d 728 (1998))). Watkins' allegations of and purported evidence for judicial bias are wholly unrelated to the evidence presented at trial. And while the confession was undeniably central to the State's case, the State also presented a witness who testified that she saw Watkins shoot the victim. Even without the confession, the jury could have convicted Watkins on the basis of this testimony alone.[2] Watkins has not demonstrated it is more likely than not that no reasonable jury would have convicted if presented with evidence corroborating his claim of a coerced confession. *See id.* at *9 (explaining that new impeachment evidence did not "seriously call into doubt the core of the state's case" (alteration omitted)). Watkins has not established actual innocence to eliminate the statute of limitations bar.

Finally, Watkins argues that the Court should look beyond the timeliness issue to consider his arguments on the merits. However, the Court must resolve the statute of limitations question before it may look at the substance of a habeas petition. *See Bowers v. Buss*, 422 F. Supp. 2d 985, 987 (N.D. Ind. 2006) ("Modern habeas corpus law establishes several technical doctrines, including exhaustion, procedural default, and the statute of limitations, which a court must consider before reaching the merits of an applicant's claims.").

Watkins' federal habeas petition is untimely under §§ 2244(d)(1)(A), (B), or (D) and his arguments for equitable tolling are denied.

## VI.    Watkins' Motion to Stay

Watkins has moved this Court to stay his federal habeas petition so that he may present additional, newly discovered evidence of his actual innocence to the Illinois courts that he states

---

[2] Watkins argues that this witness' testimony was also the result of police coercion. However, the jury considered this witness' recantation at trial. Even if the witness' statement was coerced, undermining this witness' statement is not "substantive, exculpatory evidence," *see Lenoir*, 2015 WL 684743, at *9, and Watkins cannot show that no reasonable juror would have convicted with evidence that this statement had been coerced, *see McQuiggin*, 133 S. Ct. at 1928, because the jury considered and rejected the witness' recantation at trial.

that he has discovered since the filing of his federal habeas petition. This evidence is: (1) the Complaint Register files against the detectives that he claims coerced his confession; (2) affidavits of three witnesses that he states corroborate his claim that the detectives who took his confession tortured suspects; (3) a newspaper article reporting that these officers invoked the Fifth Amendment before a police interrogation criminal grand jury; and (4) facts from a filing by the plaintiffs in the case of *Patterson v. Burge*, No. 03 C 4433 (N.D. Ill.) (Doc. 131). Watkins has not attached this new evidence to his motion to stay, but he attaches, without exhibits, his "Motion for Leave to File Supplemental Motion to Vacate Judgment, In Light of Newly Discovered Evidence," filed in the state court. Doc. 25, Ex. A-3. In that motion, Watkins discusses some of the new witness affidavits, specifically that Antonio Triplett was coerced into falsely implicating Watkins in the Porter murder and that this affidavit corroborates the witness who recanted at trial and her story that the same detectives coerced her into implicating Watkins. Doc. 25, Ex. A-3 at 8–9; Doc. 1, Ex. K (Triplett Affidavit).

A stay and abeyance of a federal habeas petition "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Even if a petitioner had good cause for failing to exhaust his claims first in state court, it is an abuse of discretion for a district court to grant a stay "when his unexhausted claims are plainly meritless." *Id.* The Supreme Court further explained:

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 278. A stay in Watkins' case would be futile, because this new evidence would not change this Court's timeliness determination.

This allegedly corroborating evidence of the detectives' coercion of other suspects does not qualify as evidence of actual innocence sufficient to merit equitable tolling under the analysis above. The Triplett affidavit, dated August 2011, does not meet Watkins' burden to show no reasonable juror would convict. There is nothing in the record to suggest, and Watkins does not argue, that Triplett's testimony was used at trial. Watkins argues that this affidavit corroborates his coerced confession and the witness' allegation that the police coerced her into implicating Watkins. However, this bolstering adds little: the jury already heard the witness recant on the stand and Watkins has argued since trial that his own confession was coerced. That another witness was coerced into implicating him is not direct evidence of Watkins' factual innocence. This newly discovered evidence does not rise to the level of evidence of actual innocence that can remove the statute of limitations bar on Watkins' otherwise untimely federal petition. *See Lenoir*, 2015 WL 684743, at *9.

Because the new evidence would not change the untimeliness of Watkins' federal habeas petition, Watkins' motion to stay is denied as futile. Because the Court has denied the stay on this basis, it will not consider Respondent's other arguments.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. In order to be entitled to a certificate of appealability, a habeas petitioner must make a substantial showing of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). A petitioner does this by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Here, a reasonable jurist would not find this Court's ruling debatable because the petition is clearly time-barred. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss [21] is granted. Watkins' petition for a writ of habeas corpus pursuant to 22 U.S.C. § 2254 is dismissed and the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c). Watkins' motion to stay [20] is denied. The case is terminated.

Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b)

motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or

(3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P.

60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is

ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App.

P. 4(a)(4)(A)(vi).


Dated: September 24, 2015

_____
SARA L. ELLIS
United States District Judge